IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN PATRICK YEZZI, and )<br>DALE E. POIROUX, individually and on )<br>behalf of all others similarly situated )<br>    )<br>    Plaintiffs,    )<br>    )<br>vs.    )    CIVIL ACTION NO. 07-0301-KD-B<br>    )<br>HAWKER FINANCIAL CORP.,    )<br>    )<br>    Defendant.    ) | |

**ORDER**

This matter is before the court on plaintiffs' "Motion to Condemn Funds in Zarzaur & Schwartz's Possession and Collected on Accounts that Belonged to Hawker" (doc. 65) Upon consideration and for the reasons set forth herein, the motion is DENIED.

I.   Background

Plaintiffs filed this complaint against defendant Hawker Financial Corporation ("Hawker") on April 26, 2007 and a first amended complaint on July 25, 2007 (docs. 1, 11)[1] alleging claims against Hawker under the Fair Debt Collection Practices Act ("FDCPA") for making misleading statements regarding the nature of the debt and for using unfair and unconscionable means to collect a debt.

---

[1] Pursuant to the Court's order of October 31, 2007, the action was consolidated for all purposes with Civil Action Number 07-443-KD-B styled Littleton v. Hawker Financial Corporation. Thus, the default proceedings are as to the two actions consolidated into the present case.

On March 3, 2008, defendant's counsel filed a motion to withdraw stating that defendant Hawker was dissolved and "has no existing business purpose, conducts no business transactions, and is devoid of accounts or assets." (doc. 23) The motion was granted on March 24, 2008 and the court gave Hawker until April 11, 2008 for new counsel to appear on its behalf. Hawker was cautioned that the failure of counsel to appear on behalf of a corporate party may result in the entry of a default judgment. (doc. 26). No notice of appearance was filed and plaintiffs filed a motion for default judgment on April 17, 2008. (doc. 29)

On May 16, 2008, the court held a hearing to determine the amount of plaintiffs' damages. (doc. 40)[2] On June 4, 2008 the Court entered an Order granting a judgment in favor of plaintiffs against Hawker in the cumulative amount of $ 77,433.13. (doc. 43) Thereafter, plaintiffs began proceedings to attempt to enforce the judgment by causing a writ of garnishment to be issued to Zarzaur & Schwartz, P.C. (docs. 45, 46) On July 7, 2008 Zarzaur & Schwartz, P.C. filed an answer to the writ stating that it was not indebted to Hawker nor did it have "in its possession or under its control, personal or real property, or things in action belonging to said Defendant.". (doc. 47) Plaintiffs filed a contest of answer, pursuant to Alabama Code Section 6-6-458 (1975), on the grounds, in sum, that the garnishee collected debts on behalf of defendant, Hawker, who has now assigned its interests to Palisades Acquisition XVI, L.L.C., identified by plaintiffs as a "debt buyer". (doc. 48) Plaintiffs also filed a motion to examine the

---

[2] At the hearing, counsel for plaintiffs waived plaintiff's jury demand in the case and orally agreed to dismiss counts one and two of the amended complaint. Therefore, the default hearing in the consolidated case proceeded against defendant on counts three and four of the amended complaint.

garnishee before a magistrate judge. (doc. 50)[3]

Because plaintiffs' filing contesting the answer of the garnishee raised a jurisdictional red flag, the court issued a show cause order directing plaintiffs to address the jurisdictional authority to enforce a judgment against a non-party to the litigation. (doc. 53)  After briefing by plaintiffs' counsel, the court issued an order clarifying the *limited* scope of its jurisdiction.  The court opined, in pertinent part:

> Upon consideration, the Court finds that it has jurisdiction over a garnishment proceeding as to Zarzaur & Schwartz, P.C., only to the extent plaintiffs claim that Zarzaur & Schwartz, P.C. holds property belonging to Hawker.  See Peacock v. Thomas, 516 U.S. 349, 116 S.Ct. 862 (1996).  However, whether Zarzaur & Schwartz, P.C. holds property belonging to Palisades Acquisition XVI, LLC., and whether Hawker may have fraudulently transferred property to Palisades is not the issue before the Court and will not be entertained in this limited proceeding.  Id.. at 357 (district courts do not have ancillary jurisdiction to entertain a second suit "to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment.")

(doc. 55, pp. 1-2) (emphasis in original)

On November 10, 2008 Zarzaur & Schwartz, P.C.  filed an amended answer to the writ of garnishment, denying indebtedness to Hawker and stating that "Palisades Collection LLC claims ownership of all accounts of Hawker Financial, P.C. that are being handled by Zarzaur & Schwartz,P.C. for collection."  (doc. 57) On November 17, 2008 plaintiffs moved to withdraw the motion to examine the garnishee, which was granted by the court.  (docs. 58, 59)  Shortly thereafter,  plaintiffs filed a motion to directing the Clerk of the Court send notice to Palisades Collection, LLC that plaintiffs claim the monies collected by the garnishee Zarzaur & Schwartz, P.C. on judgments originally granted in favor of Hawker Financial Corporation in the state of

---

[3] This motion was referred to Magistrate Judge Bivins to schedule a date for the examination.

Alabama . (doc. 61) Magistrate Judge Bivins granted the motion and the notice was served on January 20, 2009. (docs. 62, 64) The notice gave Palisades sixty (60) days to file an objection to the plaintiffs' claim to the monies held by Zarzaur & Schwartz. The sixty (60) days ran on March 23, 2009 without response from Palisades. On April 1, 2009, plaintiffs filed the instant motion for writ of attachment to condemn the funds. (doc. 65)

II.     Discussion

Generally federal courts have jurisdiction to enforce their judgments. However, the Supreme Court has held that district courts do not have ancillary jurisdiction to entertain a second suit "to impose an obligation to pay an existing federal judgment *on a person not already liable for that judgment*." Peacock v. Thomas, 516 U.S. 349, 116 S.Ct. 862 (1996)("Our recognition of these supplementary proceedings has not, however, extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment. We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment.").

The undersigned specifically limited its jurisdiction over the garnishment proceeding as to Zarzaur & Schwartz, P.C., to the extent plaintiffs claim that Zarzaur & Schwartz, P.C. holds property belonging to Hawker. Notwithstanding the court's clear directive on this issue, plaintiffs now seek to condemn funds owned by Palisades Acquisition XVI, LLC. Plaintiffs have failed to show any jurisdictional basis for this court to issue an order imposing a financial obligation on Palisades based on a default judgment entered against Hawker, the lone defendant in this action. See Peacock, 516 U.S. at 357.

III.     Conclusion

Based on the foregoing, plaintiffs' motion for a writ of attachment to condemn funds is DENIED.

DONE this the 7th day of May 2009.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**